IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re: UltraMist Sunscreen Litigation* | ) <br> ) Case No. 13-CV-131 <br> ) <br> ) Hon. Rebecca R. Pallmeyer <br> ) <br> ) Magistrate Judge Maria Valdez |

**FINAL ORDER AND JUDGMENT**

WHEREAS Plaintiff, Class Counsel, and Defendant entered into a Class Action Settlement Agreement and Release ("Settlement Agreement") to settle the Litigation; and

WHEREAS the Court entered a Preliminary Approval Order dated December 12, 2013, preliminarily certifying the proposed Class in this Litigation for settlement purposes under Fed. R. Civ. P. 23(b)(3) ("Settlement Class"), ordering notice to the Settlement Class, scheduling a Fairness Hearing for May 16, 2014, and providing the Settlement Class with an opportunity either to exclude themselves from the settlement class or object to the proposed settlement;

WHEREAS the Court held a Fairness Hearing on May 16, 2014, to determine whether to give final approval to the proposed settlement; and

WHEREAS the Court hereby grants final certification of the Settlement Class, approves the proposed Settlement, and dismisses the Litigation with prejudice, in accordance with the terms of this Final Order and Judgment.

Based on (i) the Plaintiff's Motion for Final Approval, (ii) the Settlement Agreement and all exhibits thereto, (iii) the evidence and arguments submitted at the Fairness Hearing, and (iv) the relevant law, including, without limitation, Rule 23 of the Federal Rules of Civil Procedure, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

-2-

1. **Incorporation of Other Documents.** This Final Order and Judgment incorporates and makes a part hereof:

   a) the Settlement Agreement submitted to this Court on December 5, 2013, (with all capitalized terms herein having the same meaning as that given to them in the Settlement Agreement);

   b) the exhibits to the Settlement Agreement;

   c) the Court's Preliminary Approval Order;

   d) Plaintiff's Motion for Final Approval of Class Action Settlement; and

   e) the exhibits to Plaintiff's Motion for Final Approval of Class Action Settlement.

2. **Jurisdiction.** The Court has personal jurisdiction over the Settling Parties and has subject-matter jurisdiction over this Litigation including, without limitation, jurisdiction to approve the proposed Settlement, to grant final certification of the Settlement Class, and to dismiss this Litigation on the merits and with prejudice.

3. **Factors Considered.** The Court rigorously applied the analysis set forth by the in *Kessler v. Am. Resorts Int'l*, 2007 WL 4105204, at *5 (N.D. Ill. Nov. 14, 2007), to determine whether the class action settlement is fair, adequate, and reasonable, and thus worthy of final approval. In *Kessler,* the court required that the following factors be considered: (1) the strength of plaintiffs' case compared to the amount of the settlement offer; (2) an assessment of the likely complexity of a trial; (3) the length and expense of the litigation; (4) the amount of opposition to settlement among affected parties; (5) the opinion of competent counsel; (6) the stage of the proceedings and the amount of discovery completed at the time of settlement. *Id., citing Isby v. Bayh,* 75 F. 3d 1191 (7th Cir. 1996).

DC\3207272.2  UltraMist Settlement - DRAFT Proposed Final Order and Judgment

After consideration of the evidence and arguments the Court concludes: (1) the Settlement, when compared to the strength of Plaintiff's case, is fair and reasonable; (2) this case would have involved a costly, complex, and expensive trial; (3) this case would have also involved lengthy discovery followed by extensive motion practice and, if necessary, a lengthy and expensive trial; (4) there is no opposition to the settlement among affected parties; (5) Class Counsel, with significant experience in class action litigation, believes this settlement is extremely beneficial to the Settlement Class; and (6) given the informal discovery exchanged, both Class Counsel and Defendant's Counsel were able to make informed decisions as to the merits of Plaintiff's claims vis-à-vis the fairness and adequacy of the proposed Settlement Agreement.

4. **Rule 23 Requirements are Met.**

The Court finds that the prerequisites of Rule 23 of the Federal Rules of Procedure are satisfied for the Settlement Class. Specifically, and solely for the purposes of settlement, the Court finds that:

a) The size of the Settlement Class was sufficiently ascertainable from EPC's records, and the Settlement Class is so numerous that its joinder before the Court would be impracticable;

b) The commonality requirement of Fed. R.Civ. P. 23(b)(3) generally is satisfied when members of the Settlement Class share at least one common factual or legal issue. Here, Plaintiff alleges questions of fact and law purportedly common to the Settlement Class, including whether the UltraMist Products sold by EPC were unfit for their intended use and whether EPC offered and/or is obligated to provide refunds for the allegedly defective UltraMist Products. Considering the

DRAFT  045629-0004

allegations of the Complaint, the Court finds that the allegedly common questions of fact and law predominate over questions of fact and law affecting only individual members of the Settlement Class;

c) The claims of the Plaintiff are typical of the claims of the other members of the Settlement Class, and that the Plaintiff will fairly and adequately protect the interests of the Settlement Class, in that: (i) the interests of the Plaintiff and the nature of their alleged claims are consistent with those of the Settlement Class, (ii) there appear to be no conflicts between or among the Plaintiff and the Settlement Class, (iii) Plaintiff has been and appears to be capable of continuing to be an active participant in both the prosecution and the settlement of the Litigation, and (iv) Plaintiff and the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class actions, particularly those cases involving the type of claims alleged in the Complaint;

d) Common issues predominate over individual issues among the members of the Settlement Class because Plaintiff has alleged that EPC's conduct is identical with regard to all members of the Settlement Class; and

e) A resolution of the Litigation in the manner proposed by the Settlement Agreement is superior or equal to other available methods for a fair and efficient resolution of the Litigation, in that, among other reasons, it will avoid the need for costly individual adjudications of the Settlement Class' claims, the management of the Settlement will be less difficult than the management of a mass joinder of actions, and, in the present circumstances, there will be no further litigation of the

-5-

issues and no trial of the litigation. The Court also notes that, because the Litigation is being settled, rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a regional class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 117 S. Ct. 2231, 2248 (1997).

5. **Final Certification of Class.** After careful consideration, and in light of the conclusions stated above, the Settlement Class previously certified preliminarily is hereby finally certified solely for settlement purposes under Fed. R.Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3). The Settlement Class is defined as:

> All residents of the United States and United States Territories who purchased one or more of the UltraMist Products between January of 2010 and October of 2012.
>
> Specifically excluded from the Settlement Class are the following persons:
>
> (a) EPC and its subsidiaries and affiliates, employees, officers, directors, agents, and representatives and their family members;
>
> (b) Class Counsel; and
>
> (c) The judges who have presided over the Litigation.

6. **Adequacy of Representation.** Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and after considering the requisites set forth therein, the Court confirms its prior appointment of Class Counsel to represent the interests of the Settlement Class in the Litigation. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and after considering the requisites set forth therein, the Court confirms its prior appointment of Susan McCullough-Sherwin as Settlement Class representative, to appear on behalf of and to represent the Settlement Class in the Litigation. After conducting a rigorous analysis of the requirements of Fed. R.Civ. P. 23(a)(4), the Court finds that Class Counsel have fully and adequately represented the Settlement

Class for purposes of entering into and implementing the settlement and have satisfied the requirements of Fed. Rule Civ. P. 23(a)(4).

7. **Class Notice.** As part of Plaintiff's Motion for Final Approval of Class Action Settlement, Plaintiff submitted the Declaration of Eric Robin, a consultant with Kurtzman Carson Consultants LLC, the Settlement Administrator, which implemented the Settlement Class Notice Program. After completing the necessary rigorous analysis, including careful consideration of this Declaration of Eric Robin, the Court finds that the distribution of notice through Publication Notice and the Settlement Website in accordance with the Settlement Notice Program, the terms of the Settlement Agreement, and this Court's Preliminary Approval Order:

    a) constituted the best practicable notice to the Settlement Class under the circumstances of this action;

    b) provided the Settlement Class with adequate instructions and a variety of means to obtain information pertaining to their rights and obligations under the settlement so that a full opportunity has been afforded to members of the Settlement Class and all other persons wishing to be heard;

    c) was reasonably calculated, under the circumstances, to apprise the Settlement Class of: (i) the pendency of this class action, (ii) their right to exclude themselves from the Settlement Class and the proposed Settlement, (iii) their right to object to any aspect of the proposed Settlement (including final certification of the Settlement Class, the fairness, reasonableness, or adequacy of the proposed Settlement, the adequacy of representation by Plaintiff and Class Counsel, and/or the award of attorneys' fees), (iv) their right to appear at the Fairness Hearing – either on their own or through counsel hired at their own expense – if they did not

exclude themselves from the Settlement Class, and (v) the binding effect of the Preliminary Approval Order and Final Order and Judgment in this action, whether favorable or unfavorable, on all persons who do not timely request exclusion from the Settlement Class;

d) was calculated to reach a large number of the Settlement Class, and the prepared notice documents adequately informed the Settlement Class of the class action, properly described their rights, and clearly conformed to the standards generally governing modern notice programs;

e) focused on the effective communication of information about the class action, were couched in plain and easily understood language, and were written and designed to the highest communication standards;

f) afforded sufficient notice and time to the Settlement Class to receive notice and decide whether to request exclusion or to object to the settlement;

g) was reasonable and constituted due, adequate, effective, and sufficient notice to all persons entitled to be provided with notice; and

h) fully satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, including the Due Process Clause, and any other applicable law.

8. **Claims Process.** The Court concludes that the Claim Form was well designed with clear and prominent information that is easily understandable to the Settlement Class and approves the Claim Form. Any member of the Settlement Class who wishes to receive compensation under the Settlement must sign and return a valid and timely Claim Form to the Settlement Administrator in compliance with the Settlement Class Notice Program set forth in

DC\3207272.2  UltraMist Settlement - DRAFT Proposed Final Order and Judgment                                    **DRAFT**  045629-0004

the Settlement Agreement and no later than June 30, 2014. Any member of the Settlement Class who does not submit a valid and timely Claim Form in compliance with the Settlement Class Notice Program is not entitled to any relief, but nonetheless is barred by the Release, the Settlement Agreement and the Final Order and Judgment.

9. **Final Settlement Approval.** The terms and provisions of the Settlement Agreement, including all exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, each of the Parties and the Settlement Class, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law. The Parties and Class Counsel are hereby directed to consummate the Settlement Agreement according to its terms and provisions.

10. **Binding Effect.** The terms of the Settlement Agreement and of this Final Order and Judgment shall be forever binding on Plaintiff, all Settlement Class Members and any other Releasing Persons, as well as each of their respective agents heirs, executors or administrators, successors and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in this Litigation or are otherwise encompassed by the Release.

11. **Release and Waiver.** The Release, as set forth in the Settlement Agreement, is expressly incorporated herein in all respects and is effective as of the date of this Final Order and Judgment. In return for the consideration provided in the Agreement:

    a) Plaintiff and all Settlement Class Members who have not excluded themselves from the Settlement Class have conclusively compromised, settled, dismissed and

released any and all Released Claims against EPC and the Released Persons, shall be bound by the Settlement Agreement and the Release and all of their claims shall be dismissed with prejudice and released, irrespective of whether they received actual notice of the Litigation or the Settlement.

b) Plaintiff and all Settlement Class Members who have not been excluded from the Settlement Class, whether or not they return a Claim Form within the time and in the manner provided for, shall be barred from asserting any Released Claims against EPC or any Released Persons, and any such Settlement Class Members shall have released any and all Released Claims as against EPC and all Released Persons.

c) The Released Persons are deemed to have fully released and forever discharged by operation of the entry of the Final Order and Judgment Plaintiff, the Settlement Class Members, Class Counsel or any other counsel representing Plaintiff or Settlement Class Members, or any of them, of and from any claims arising out of the Litigation or the Settlement.

d) The Released Persons are deemed to have fully released and forever discharged each other by operation of the entry of the Final Order and Judgment of and from any claims they may have against each other arising from the claims asserted by the Releasing Persons in the Litigation, including any claims arising out of the investigation, defense or Settlement of the Litigation.

e) The Releasing Persons and the Released Persons expressly acknowledge that they are familiar with principles of law such as Section 1542 of the Civil Code of the State of California, which provides:

>**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

>Notwithstanding California or other law, the Releasing Persons and the Released Persons hereby expressly agree that the provisions, rights and benefits of Section 1542 and all similar federal or state laws, rights, rules or legal principles of any other jurisdiction that may be applicable herein are hereby knowingly and voluntarily waived, released and relinquished to the fullest extent permitted by law solely in connection with unknown claims that are the same as, substantially similar to, or overlap the Released Claims, and the Releasing Persons and the Released Persons hereby agree and acknowledge that this is an essential term fo the Releases. In connection with the Releases, the Releasing Persons and the Released Persons acknowledge that they are aware that they may hereafter discover claims presently unknown and unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to matters released herein, and that such claims, to the extent that they are the same as, substantially similar to, or overlap the Released Claims, are hereby released, relinquished and discharged.

> f) Nothing in the Releases shall preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed herein.

12. **Permanent Injunction**. All Settlement Class Members who have not been properly excluded from the Settlement Class and all Releasing Persons, and anyone acting on

their behalf or for their benefit, are hereby permanently barred and enjoined from: (i) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims, and (ii) organizing Settlement Class Members who have not been excluded from the class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending Complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency.

13. **Objections to Settlement.** The Court provided all Settlement Class Members and their representatives, who complied with the requirements for objections and appearance at the Fairness Hearing set forth in the Preliminary Approval Order, a fair and adequate opportunity to object to the proposed settlement. There have been no objections to Settlement at this time.

14. **Enforcement of Settlement.** Nothing in this Final Order and Judgment shall preclude any action to enforce the terms of the Settlement Agreement.

15. **Attorneys' Fees and Expenses.** Plaintiff's Motion for Attorneys' Fees, Costs, and Incentive Award is GRANTED. Class Counsel is awarded fees and costs in the amount of $459,000, and the Plaintiff is awarded an incentive payment of $3,500.

16. **Modification of Settlement Agreement.** The Parties are hereby authorized, without needing further approval from the Court and without further notice to the Settlement

Class, to agree to and adopt such amendments to, and modifications and expansions of the Settlement Agreement as are consistent with this Final Order and Judgment and that do not limit the rights of Settlement Class Members under the Settlement Agreement.

17. **Retention of Jurisdiction.** The Court has jurisdiction to enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Final Order and Judgment, and for any other necessary purpose, including, without limitation:

a) enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement and this Final Order and Judgment (including, without limitation, whether claims or causes of action allegedly related to this case are or are not barred by this Final Order and Judgment, etc.);

b) entering such additional orders as may be necessary or appropriate to protect or effectuate the Court's Final Order and Judgment approving the Settlement Agreement, dismissing all claims on the merits and with prejudice, and permanently enjoining Settlement Class Members and Releasors and anyone acting on their behalf or for their benefit from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

c) entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction; provided, however, that nothing in

this paragraph is intended to restrict the ability of the Parties to exercise their rights under the Settlement Agreement.

18. **No Admissions.** Neither this Final Order and Judgment nor the Settlement Agreement (nor any other document referred to herein) nor any action taken to carry out this Final Order and Judgment are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by EPC or any Released Persons or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to this Settlement Agreement and the Settlement in such proceedings as may be necessary to effectuate the Settlement Agreement and this Final Order and Judgment and the Settlement Agreement may be filed in any action against or by EPC or any Released Persons to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

19. **Capitalized Terms.** Capitalized terms used in this Final Order and Judgment but not defined shall have the meaning ascribed to them in the Settlement Agreement.

20. **Dismissal of Litigation and Immediate Appeal.** Having determined there is no just reason for delay, the Court determines this order is a Final Order and Judgment as to all claims in this case pursuant to Fed. R. Civ. P. 54(b), that this Final Order and Judgment shall be immediately appealable, and that any appeal from this Court's order on Plaintiff's Motion for Attorneys' Fees, Costs, and Incentive Award shall not affect the finality of this Final Order and Judgment. This Litigation, and all individual and Class claims resolved in it, are hereby

DC\3207272.2  UltraMist Settlement - DRAFT Proposed Final Order and Judgment    DRAFT  045629-0004

-14-

DISMISSED ON THE MERITS AND WITH PREJUDICE against Plaintiff and all other Settlement Class Members without fees and costs except as provided herein.

21.     **CAFA Compliance.** The Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), requires that certain federal and state governmental officials be given notice of a proposed class action settlement. The Settlement Administrator gave CAFA notice to Attorney Generals of the fifty (50) states. This Court finds that the Defendant's notice obligations under CAFA, and specifically 28 U.S.C. § 1715(b), have been satisfied and any notice required thereunder has been provided.

IT IS SO ORDERED:

_____
The Honorable Rebecca R. Pallmeyer,
United States District Court Judge
Northern District Of Illinois, Eastern Division

May 16, 2014